JIRI G. CERNY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cerny v. Commissioner
Docket No. 27577-89
United States Tax Court
T.C. Memo 1991-526; 1991 Tax Ct. Memo LEXIS 575; 62 T.C.M. (CCH) 1061; T.C.M. (RIA) 91526; October 23, 1991, Filed *575 Decision will be entered under Rule 155. Jiri G. Cerny, pro se. Mary E. Wynne, for the respondent. GUSSIS: Special Trial Judge. GUSSIS
MEMORANDUM OPINION This case was assigned pursuant to the provisions of section 7443A(b). All section references are to the Internal Revenue Code as amended and in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined a deficiency in petitioner's income tax for 1986 in the amount of $ 5,571. The issue is whether petitioner is entitled to certain business expense deductions in 1986. Some of the facts were stipulated and they are so found. Petitioner resided in Mountain View, California, at the time the petition herein was filed. During the year 1986 petitioner performed services as an independent contractor for three different companies. From February 3, 1986, to March 7, 1986, petitioner worked for Bucyrus-Erie in South Milwaukee, Wisconsin. From May through October 1986 he worked for Sunstrand Corporation in Rockford, Illinois. In November and December 1986, he worked for Bendix Allied Co. in Newport News, Virginia. During 1986 petitioner received unemployment *576 compensation from the State of Wisconsin in the amount of $ 1,960. While working for Bucyrus-Erie, petitioner rented a room at the White Court Motel in South Milwaukee, Wisconsin, and paid total room rental of $ 532.80. While working for Sunstrand Corporation, petitioner rented an apartment at Casa de Norse in Rockford, Illinois, and paid total room rental of $ 2,700. While working for Bendix Allied Co., petitioner rented a room at the Econo-Lodge Motel in Newport News, Virginia, and paid a total of $ 376.36 in November 1986. In December 1986, he rented an apartment in Newport News, Virginia, and paid rental in the amount of $ 410. On his individual Federal income tax return for 1986, petitioner claimed a business expense deduction of $ 27,398. Respondent allowed a deduction of $ 723 for job hunting expenses and also allowed a deduction of $ 2,009 as Schedule A miscellaneous expenses. Respondent disallowed the balance of $ 24,666. Of this amount, petitioner concedes that he is not entitled to deduct the amount of $ 2,738. The disallowed expenses represent in large part amounts claimed by petitioner as away from home expenses under section 162(a)(2). The section is intended *577 to mitigate the burden of a taxpayer who, because of the exigencies of his trade or business, must maintain two places of abode and therefore incur additional and duplicate living costs. . In order for a taxpayer to prove that he was away from home, he must first demonstrate that he had a well-established tax home from which he could be away. . A taxpayer's tax home is generally his principal place of business. , affd. without published opinion . However, even without a principal place of business, a taxpayer may treat the location of his permanent residence as his tax home if he incurs "substantial continuous living expenses" there. . Prior to 1986, petitioner had sought job opportunities on the West Coast, in Florida, and in Texas. On an assignment in Kentucky in 1984, he met one Mr. Kwiecan, he suggested that petitioner explore job possibilities in the Midwest and Chicago *578 areas and offered petitioner the use of the basement in his Chicago home as a place to stay. During the year 1986 petitioner paid $ 175 a month, which included heating and other utilities, for the use of the finished basement. As indicated above, petitioner was away from Chicago in 1986 on contract assignments for some 9 months. Petitioner contends that the rented basement in Chicago was his home in 1986 for purposes of section 162(a)(2). We cannot agree. He never found employment in Chicago, and he had no other business connection with the Chicago area. He had no family there. His personal contacts with the Chicago area, such as his motor club membership, his driver's license, his use of a travel agency there, his membership in a soccer club and a health club, can be characterized as minimal in nature. There is nothing in the record to suggest any promising aspects of future employment in the Chicago area. We note that by late 1989, his residence was in Mountain View, California. Under these factual circumstances, we cannot find that petitioner's rented basement in a friend's house in the Chicago area constituted a permanent residence where he incurred substantial and *579 continuing living expenses. Cf. . Thus, we conclude that petitioner has failed to prove that he had a "tax home" for purposes of section 162(a)(2), and, therefore, he is not entitled to claim any of the travel deductions, including meals, lodging, and transportation expenses, for the taxable year 1986. In view of our holding, we perceive no need to discuss the shortcomings in petitioner's evidence with respect to the strict substantiation requirements of section 274(d). Petitioner claimed a business expense deduction for telephone expenses in the amount of $ 1,226. Petitioner has the burden of proof. Rule 142(a). Petitioner's testimony on this issue was not entirely satisfactory. He admitted at the trial that a portion of the telephone expenses were personal in nature but contended that a "majority" of such expenses were business related. We recognize that petitioner's work in 1986 as a contract worker entailed constant communication with sources of available jobs. Using our best judgment, we conclude that petitioner is entitled to a deduction of $ 800 for telephone expenses under section 162(a) in the *580 year 1986. Finally, petitioner claimed a business expense deduction for storage expenses in 1986 in the amount of $ 522. Petitioner has the burden of proof. Rule 142(a). It appears that the items stored were largely furniture and other personal items which he was unable to bring with him to Chicago when he converted his condominium in California to rental purposes. There is nothing in the record to support a finding that the storage expense bore a proximate and direct relationship to any trade or business. On this record, we must conclude that petitioner is not entitled to a business expense deduction for the storage charges in 1986. Respondent is sustained. Decision will be entered under Rule 155.